IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**WILLIE STOKES**                                                                                                 **PLAINTIFF**

**VS.**                                          **CASE NO. 3:07CV00180 HDY**

**MICHAEL J. ASTRUE, Commissioner,**
    **Social Security Administration**                                              **DEFENDANT**

**ORDER**

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits (DIB) and supplemental security income (SSI). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

This Court's review function is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." *Id*. The Court may not reverse merely because evidence would have supported a contrary outcome. *See id*.

The only disputed issue in this case is whether plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental

1

impairment that will result in death, or that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity.  42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 1382c(3)(A) and (B).

Plaintiff filed applications for DIB and SSI on March 9, 2005, alleging disability since June 9, 2000.  His applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge (ALJ).  Plaintiff and a vocational expert testified at the hearing, which was conducted on February 15, 2007.  (Tr. 254-270).  On July 24, 2007, the ALJ denied plaintiff's claims for relief.  (Tr. 10-25).  On November 21, 2007, the Appeals Council denied the plaintiff's request for review.  (Tr. 4-6).

At the administrative hearing, the plaintiff testified that he was thirty-one years old and has an eleventh grade education.  He has past relevant work experience as a general laborer and as an auto detail manager.  He testified to a paralyzed left hand and a right hand that "seizes up." (Tr. 260).  He stated that he could walk for 15-20 minutes, being unable to lift and carry items, that he was depressed and had crying spells once or twice daily, and that he had a protruding chest bone.  The vocational expert was asked to consider what work would be available for a thirty-one year old person with an eleventh grade education, a paralyzed left arm, use of his right arm, ability to lift 10-20 pounds, and an inability to climb ladders or work around heights.  The vocational expert indicated that such a person could work as an auto detail manager, plaintiff's past relevant work, and also work as a sales clerk and a hotel desk clerk.  (Tr. 264).  The vocational expert agreed that the plaintiff would not be able to perform the sales and hotel desk clerk jobs if he had intermittent limitations with his right hand.  (Tr. 267).  After the vocational expert testified, the plaintiff, his attorney, and the ALJ discussed the possibility of additional

medical examinations. Specifically, there was discussion of a psychological evaluation[1] to address the crying spells described by the plaintiff and of a neurological examination to address the issue of the plaintiff's ability to use his right hand.

In his July 24, 2007, opinion, the ALJ found the plaintiff has brachial plexus lesion (post-operative) and chronic pain, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found the plaintiff has the residual functional capacity to do a narrow range of work at the light exertional level. The ALJ found the plaintiff had no intellectual deficits, has a paralyzed left arm, and no limitations on sitting and standing with reasonable breaks. In addition, the ALJ indicated the plaintiff could not lift with his left arm but could lift 20 pounds and frequently lift 10 pounds. Finally, the ALJ noted the plaintiff would be precluded from climbing on ladders or heights because of poor balance. The ALJ specifically found the plaintiff's allegations were not fully credible. Relying upon the vocational expert's testimony, the ALJ found the plaintiff was not disabled. The ALJ specifically addressed and discounted the opinion of Dr. Harris, the psychologist, that the plaintiff "would have difficulty in performing work related tasks in an acceptable time frame." (Tr. 236).

The ALJ considered his impairments by way of the familiar five-step sequential evaluation process.

The first step involves a determination of whether the claimant is involved in substantial

---

[1] In April of 2007, shortly after the administrative hearing, a psychological evaluation was performed by Dr. Harris. (Tr. 234-236). The record does not indicate a neurological examination was performed.

gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.*, § 404.1520©); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step three involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.*, § 404.1520(e). If so, benefits are denied; if not, the evaluation continues.

Step five involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.*, § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

In support of his request for reversal, plaintiff asserts the ALJ's determination at step five that plaintiff is not disabled because he can perform other work in the economy is not supported by substantial evidence. Specifically, the plaintiff urges that the ALJ's hypothetical question posed to the vocational expert was inconsistent with the uncontroverted medical evidence. *Plaintiff's brief at 9-15.*

The hypothetical question posed by the ALJ assumed a paralyzed left arm but assumed the plaintiff could use his right arm without limitation. The hypothetical question also included no mental limitations of the plaintiff. We find that this case must be remanded for clarification

4

with respect to the mental abilities of the plaintiff and with respect to his ability to use his right arm.

Dr. Harris, the psychologist, who found no evidence of malingering or exaggerating, determined that the plaintiff was mildly to moderately limited in his ability to interact appropriately with others, and to respond appropriately to usual work situations and to changes in a routine work setting. Dr. Harris also noted plaintiff "seems to have difficulties with basic work like tasks, primarily due to physical difficulties involving pain and focus of emotional problems upon his physical difficulties." (Tr. 236). The ALJ included no mental limitations in his hypothetical question, and discounted Dr. Harris' opinion, in part because the ALJ found that plaintiff's "symptomatology is readily remedial with treatment." (Tr. 22). However, it is not clear what treatment the ALJ is citing. We find the ALJ erred in evaluating the plaintiff's mental abilities, and that it was improper to include no mental limitations in the hypothetical question.

Similarly, we find error in the analysis of the plaintiff's ability to use his right arm. The record is unclear as to the plaintiff's ability to use his right arm. Dr. Langley, in April of 2005, noted plaintiff was severely limited in his ability to lift, carry, move, push and pull objects due to the "arthritis developing" in the right hand. Dr. Langley also diagnosed osteoarthritis of the right hand due to chronic overuse. (Tr. 111). At the administrative hearing, the plaintiff seemed to indicate that he was having right hand problems, stating "the hardest thing with me depression wise is if I lose this [right] hand and it completely stops working forever, I can't relearn how to do everything with my feet." (Tr. 268). While the medical evidence and the testimony of the plaintiff clearly indicates an issue with the right hand, it is unclear if this is a temporary or

permanent impairment. It is appropriate to remand the case to shed light on this issue.[2]

We remand this case for further proceedings consistent with this opinion. On remand, the ALJ is directed to reevaluate the plaintiff's mental impairments, and to obtain additional medical testimony to determine the extent of any limitations the plaintiff has with regard to his right hand. After the mental impairments have been reevaluated and additional evidence has been received regarding the plaintiff's right hand, the ALJ should pose an appropriate hypothetical question to a vocational expert.

DATED this __28__ day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The vocational expert conceded that the plaintiff would not be able to perform the clerk jobs if the plaintiff was limited in the use of his right hand. (Tr. 267).